CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 26 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **UBLESTER MUNDO-VIOLANTE** | ) | Civil Action No. 7:13cv00081 |
| | ) | |
| v. | ) | **2241 MEMORANDUM OPINION** |
| | ) | |
| | ) | By: Samuel G. Wilson |
| **UNITED STATES OF AMERICA.** | ) | United States District Judge |

Ublester Mundo-Violante, an inmate at the Federal Correctional Institution in Loretto, Pennsylvania, sent a letter to this court alleging that the "Department of Immigration" violated his constitutional rights by placing a detainer on him due to its mistaken belief that he is not a United States citizen. The court construes Mundo-Violante's letter as a petition for a writ of habeas corpus pursuant to 18 U.S.C. § 2241, and dismisses it without prejudice for lack of jurisdiction.

According to Mundo-Violante's letter, United States citizens adopted him when he was fifteen years old, affording him United States citizenship. Mundo-Violante alleges that he has "sufficient time to qualify for camp status," but the detainer has prevented his transfer to a camp facility, depriving him of rights that would otherwise be afforded him as a citizen. Although 8 U.S.C. § 1252(b), as amended by the REAL ID Act, Pub. L. No. 109-13, Div. B, 199 Stat. § 231 (2005), requires a plaintiff to file a petition for review of a final order of removal with the appropriate court of appeals, § 1252(b) may not foreclose a district court's habeas review when a plaintiff challenges his detention prior to the issuance of any such order.[1] See Flores-Torres v. Mukasey, 548 F.3d 708, 711–12 (9th Cir. 2008) (finding that the district court retained

---

[1] Regardless of how the court construes Mundo-Violante's request, the Western District of Virginia is not an appropriate forum.

jurisdiction over a federal habeas corpus petition challenging detention prior to a final order of removal). "A habeas petition under § 2241 must, however, be filed in the district in which the prisoner is confined." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). Accordingly, the court construes Mundo-Violante's letter as a petition for a writ of habeas corpus pursuant to § 2241, but dismisses it without prejudice for lack of jurisdiction because Mundo-Violante is incarcerated in Pennsylvania.

**ENTER:** February 26, 2013.

_____
UNITED STATES DISTRICT JUDGE